IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

HUBERT W. MARTIN, KAREN FARMER,
and MATTHEW WILLIAMS                                                          PLAINTIFFS

v.                              Case No. 2:18-cv-00176-KGB

LISA JULIAN, individually; BLAKE
HUDSON, individually; GILL
BRAZEALE, individually; and KEITH
WEAVER, individually                                                          DEFENDANTS

## ORDER

Before the Court are separate defendant Blake Hudson's motion to dismiss and separate defendants Lisa Julian, Keith Weaver, and Gill Brazeale's motion to dismiss (Dkt. Nos. 8, 10). Plaintiffs Hubert W. Martin, Karen Farmer, and Matthew Williams have not responded, and the time to file a response has passed. For the following reasons, the Court grants Mr. Hudson's motion to dismiss as to plaintiffs' federal claims and grants Ms. Julian, Mr. Weaver, and Mr. Brazeale's motion to dismiss as to plaintiffs' federal claims (Dkt. Nos. 8, 10). The Court declines to exercise supplemental jurisdiction over plaintiffs' state law claims.

**I.     Background**

On December 11, 2018, plaintiffs filed a complaint in this action pursuant to 42 U.S.C. § 1983 (Dkt. No. 1).[1] Plaintiffs allege that, in late October or early November 2011, Mr. Hudson, a member of the First Judicial Drug Task Force, contacted Dustin Miller to set in motion a scheme

---

[1] The Court notes that plaintiffs' complaint contains five duplicatively-numbered paragraphs. Paragraph number 52 is followed by paragraph number 48 (Dkt. No. 1, at 8). From there, the paragraphs proceed in normal numerical order. This mistake means that the complaint has two identically numbered but substantively different paragraphs for paragraphs 48 through 52 (*Id.*, at 7-8). Though the Court finds it clear which paragraph is at issue when one of these duplicate paragraphs is cited given the different content of each paragraph, the Court finds it wise to state this fact.

to set up separate plaintiff Mr. Martin for a drug bust (*Id.*, ¶ 13). Mr. Hudson allegedly told Mr. Miller that if he would plant secret various drug paraphernalia and precursors on Mr. Martin's property that Mr. Hudson would aid Mr. Miller in getting custody of his child (*Id.*, ¶ 15). Mr. Hudson allegedly gave Mr. Miller drug paraphernalia and instructed him to plant it on Mr. Martin's property, and Mr. Miller did so (*Id.*, ¶¶ 16-17). Mr. Miller allegedly reported back to Mr. Hudson; Mr. Hudson and Mr. Julian, the Director of the First Judicial Drug Task Force, equipped Mr. Miller with video and audio equipment and sent him back to Mr. Martin's house to video the drug paraphernalia, and Mr. Miller did so (*Id.*, ¶¶ 11, 18-19).

With Mr. Julian's review and approval, Mr. Hudson allegedly presented a fraudulent affidavit to the St. Francis County District Judge for issuing a search warrant of plaintiffs' property on November 6, 2011 (*Id.*, ¶¶ 21-22). Plaintiffs attached to their complaint a copy of that affidavit (*Id.*, Ex. B). Plaintiffs allege that Mr. Hudson failed to provide the issuing magistrate judge with all of the relevant information, and the magistrate judge issued the requested search warrant (*Id.*, ¶¶ 23-24). On November 7, 2011, Mr. Hudson and other members of the First Judicial Drug Task Force executed the warrant and seized drug paraphernalia and other items from Mr. Martin's property (*Id.*, ¶¶ 25-27). Plaintiffs attached to their complaint a confiscation report containing comprehensive list of 32 possessions they claim were seized (*Id.*, Ex. A). That same day, plaintiffs were arrested without warrants and held in the St. Francis County Detention Facility (*Id.*, ¶ 28). On November 8, 2011, Mr. Weaver, an undercover agent with the First Judicial Drug Task Force, provided an affidavit to the issuing magistrate judge for arrest warrants for plaintiffs (*Id.*, ¶ 29).

As a result of the search, plaintiffs were charged with: (1) manufacturing a controlled substance, methamphetamine; (2) simultaneous possession of drugs and firearms; (3) possession of ephedrine with intent to manufacture; and (4) possession of drug paraphernalia (*Id.*, ¶ 30).

Plaintiffs allege that a criminal information was filed against them on December 22, 2011, and the State of Arkansas ultimately *nolle prossed* all of the charges against plaintiffs on January 7, 2016 (*Id.*, ¶¶ 32, 34). Plaintiffs' allege that the State of Arkansas continued to hold onto their property and wrongfully refused to return the property to plaintiffs, despite plaintiffs' demands for the return of their property (*Id.*, ¶¶ 37-38). Prior to charges being dismissed, the State of Arkansas, through Fletcher Long, prosecuting attorney, First Judicial District, commenced a civil forfeiture action concerning the items seized pursuant to the search warrant (Dkt. No. 11, at 1-2). This action was filed on November 25, 2015, and it is still pending in St. Francis County Court (*Id.*, at 2). Plaintiffs commenced this action while the state action was pending, and the state action remains pending currently (*Id.*). In the state action, plaintiffs filed an answer demanding the return of the seized items (Dkt. No. 1, ¶ 39). Additionally, upon dismissal of the criminal charges, plaintiffs filed Rule 15 motions for return of their property pursuant to Arkansas Rule of Criminal Procedure 15 (*Id.*, ¶ 40).

Based on these allegations, plaintiffs bring this action against defendants seeking redress for alleged violations of plaintiffs' rights to be free of unreasonable searches, unreasonable seizures to include false arrest, false imprisonment, violation of their rights to be free of malicious prosecution, abuse of legal process, wrongful institution of legal process and/or wrongful use of judicial process protected by the Fourth Amendment and the Arkansas Civil Rights Act of 1993 ("ACRA"), Arkansas Code Annotated § 16-23-101 *et seq.* (*Id.*, ¶ 52). Specifically, plaintiffs allege the following counts against defendants: unreasonable search and seizure in violation of plaintiffs' rights protected by the Fourth Amendment; violations of *Brady v. Maryland*, 373 U.S. 83 (1963), amounting to violations of plaintiffs' rights to a fair trial protected by the Due Process Clause of the Fourteenth Amendment; violation of plaintiffs' rights under Article 2 §§ 2, 6, 9, 15 of the

3

Arkansas State Constitution; state law tort claim of malicious prosecution; and state law tort claim of false imprisonment (*Id.*, ¶¶ 2, 42, 44, 46, 48-66). Plaintiffs seek damages to compensate for the purported mental anguish and humiliation suffered in the past and to be experienced for an indefinite time in the future, the loss of use of their property continuously held by defendants, and the needless expenditure of funds for attorneys' fees and cost of attending hearings and trials to fight the charges against them (*Id.*, ¶¶ 68).

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 566 U.S. 662, 678 (2009)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 588 F.3d at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996)).

## III. Discussion

In considering the dual motions to dismiss, the Court first addresses the federal claims plaintiffs allege generally in their complaint (Dkt. No. 1). Plaintiffs allege unreasonable searches

and seizures in violation of the Fourth Amendment and violations of the Due Process Clause of the Fourteenth Amendment.

### A. Fourth Amendment Claims

The Court takes each motion to dismiss in turn with regard to plaintiffs' Fourth Amendment claims.

#### 1. Mr. Hudson's Motion To Dismiss

Mr. Hudson moves to dismiss plaintiffs' claims against him on the grounds that plaintiffs' complaint is barred by the applicable statute of limitations (Dkt. No. 8, ¶ 2). Plaintiffs have filed no response. 42 U.S.C. § 1983 claims are governed by the personal injury statute of limitations of the state where the claims arose. *See Wilson v. Garcia*, 471 U.S. 261, 269 (1985); *Wycoff v. Menke*, 773 F.2d 983, 984 (8th Cir. 1985). Under Arkansas law, personal injury actions have a three-year statute of limitations. *See* Ark. Code Ann. § 16-56-105. The Eighth Circuit has held that this three-year statute of limitations applies to § 1983 claims in Arkansas. *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) ("We note that Arkansas's three-year personal injury statute of limitations . . . applies to this § 1983 action filed in Arkansas."); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) ("In Arkansas, the general personal-injury statute of limitations is three years, and this period therefore governs § 1983 actions brought in that state."); *Morton v. City of Little Rock*, 934 F.2d 180, 183 (8th Cir. 1991) ("[I]n Arkansas the applicable period for a § 1983 action is three years." (citing Ark. Code Ann. § 16-56-105; *Lyons v. Goodson*, 787 F.2d 411, 412 (8th Cir. 1986))). Thus, a three-year statute of limitations period governs plaintiffs' claims against Mr. Hudson.

For "a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings," the statute of limitations

"begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). "Even assuming . . . that all damages for detention pursuant to legal process could be regarded as consequential damages attributable to the unlawful arrest, that would not alter the commencement date for the statute of limitations." *Id.* at 391. Plaintiffs' complaint alleges that they were wrongfully seized on November 7, 2011, and that criminal proceedings against them stemmed from that wrongful seizure (Dkt. No. 1, ¶¶ 25, 28, 30-34). Accordingly, the statute of limitations began to run on November 7, 2011. *See Wallace*, 549 at 397.

Mr. Hudson notes that plaintiffs in this case filed their complaint on December 11, 2018, alleging that Mr. Hudson violated their rights in one or more ways by virtue of his actions prior to criminal charges being levied against plaintiffs in 2011 (Dkt. No. 9, at 1). However, plaintiffs allege no wrongs committed by Mr. Hudson since 2011 (Dkt. No. 1). Drawing all inferences in plaintiffs' favor, the Court concludes that the applicable statute of limitations renders plaintiffs' federal claims against Mr. Hudson time-barred.

### 2. Ms. Julian, Mr. Weaver, and Mr. Brazeale's Motion To Dismiss

Ms. Julian, Mr. Weaver, and Mr. Brazeale move to dismiss plaintiffs' complaint on similar grounds (Dkt. No. 10). First, defendants argue that plaintiffs' complaint is not timely filed (Dkt. No. 11, at 2-3). However, even if timely filed, defendants contend that this suit should dismissed because the relief sought is at least partially being sought concurrently in a state court proceeding (*Id.*, at 4-5). Plaintiffs have filed no response.

On the issue of timeliness, the court restates that plaintiffs' § 1983 claims are subject to a three-year statute of limitations and that the statute of limitations for Fourth Amendment violations begins to run from the time of the contested search or seizure. *See Wallace*, 549 U.S. at 397;

*Miller*, 247 F.3d at 739. The alleged wrongful search of Mr. Martin's property and alleged wrongful seizure of plaintiffs' persons and property occurred on November 7, 2011 (Dkt. No. 1, ¶¶ 25-28). The statute of limitations for plaintiffs' claims against Ms. Julian, Mr. Weaver, and Mr. Brazeale began to run on that date, and that statutory period has now ended. Thus, plaintiffs' claims are time-barred. Since the Court finds that plaintiffs' claims are time-barred under the applicable statute of limitations, the Court need not address defendants' claim that this suit should be dismissed due to the concurrently pending state court proceeding.

### B. Fourteenth Amendment And *Brady* Claims

Plaintiffs also allege that, when defendants presented their investigation packet to the prosecutor, they did not reveal that: (1) the so-called confidential informant had been recruited for the specific purpose of planting drug paraphernalia on plaintiffs' property; (2) the informant had planted drug devices on the property, and (3) the informant had done so on defendants' promise that they would aid him in his quest to obtain custody of his child from plaintiff (Dkt. No. 1, ¶ 50). Plaintiffs argue that these actions were intended to deprive plaintiffs of their rights under *Brady v. Maryland* and their right to a fair trial under the Due Process Clause of the Fourteenth Amendment (*Id.*, ¶¶ 51-56).

In *Brady*, the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. *Brady* is a trial right. *See Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68 (2009) (noting that *Brady* "requires a prosecutor to disclose material exculpatory evidence to the defendant *before trial*") (emphasis added); *United States v. Agurs*, 427 U.S. 97, 104 (1976) ("A fair analysis of the holding in *Brady* indicates that implicit in the requirement of

materiality is a concern that the suppressed evidence might have affected *the outcome of the trial*.") (emphasis added). Further still, *Brady* only applies when individuals are actually convicted. *See Livers v. Schenck*, 700 F.3d 340, 359 (8th Cir. 2012) ("Assuming appellants failed to disclose exculpatory evidence, there was no *Brady* violation because [appellees] were not convicted.") (citing *Strickler v. Greene*, 527 U.S. 263, 281 (1999)).

Plaintiffs do not allege that they went to trial or were convicted (Dkt. No. 1). As such, plaintiffs' complaint fails to state a *Brady* claim or a violation of their right to a fair trial under the Due Process Clause of the Fourteenth Amendment on this basis.

### C. State Law Claims

Because the Court dismisses plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims raised in the complaint. *See* 28 U.S.C. § 1367.

### IV. Conclusion

For the above reasons, the Court grants Mr. Hudson's motion to dismiss as to plaintiffs' federal claims and grants Ms. Julian, Mr. Weaver, and Mr. Brazeale's motion to dismiss as to plaintiffs' federal claims (Dkt. Nos. 8, 10). Further, the Court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims. Accordingly, the Court dismisses plaintiffs' complaint. The Court denies plaintiffs' motion to stay discovery as moot (Dkt. No. 16).

It is so ordered this 19th day of December, 2019.

_____
Kristine G. Baker
United States District Judge