## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**HUBERT W. MARTIN, KAREN FARMER,**
**and MATTHEW WILLIAMS**                                      **PLAINTIFFS**

**v.**                              **Case No**. **2:18-cv-00176-KGB**

**LISA JULIAN, individually; BLAKE**
**HUDSON, individually; GILL**
**BRAZEALE, individually; and KEITH**
**WEAVER, individually**                                      **DEFENDANTS**

### ORDER

Before the Court is a motion to vacate or set aside order filed by plaintiffs Hubert W. Martin, Karen Farmer, and Matthew Williams (Dkt. No. 19).  Defendants Lisa Julian, Blake Hudson, Gill Brazeale, and Keith Weaver filed a response (Dkt. No. 20), and plaintiffs filed a reply (Dkt. No. 21).  For the following reasons, the Court denies plaintiffs' motion to vacate or set aside order (Dkt. No. 19).

### I.      Background

Defendants filed two separate motions to dismiss in March 2019 (Dkt. Nos. 8, 10). Plaintiffs never responded to those motions.  On December 19, 2019, the Court entered an Order granting those motions to dismiss as to plaintiffs' federal claims, declining to exercise supplemental jurisdiction over plaintiffs' remaining state law claims, and dismissing plaintiffs' complaint (Dkt. No. 17).  In that Order, the Court concluded that plaintiffs' Fourth Amendment claims were time-barred under the applicable statute of limitations and that plaintiffs' allegations of a violation of rights under *Brady v. Maryland*, 373 U.S. 83 (1963), or their right to a fair trial under the Due Process Clause of the Fourteenth Amendment were inapposite because plaintiffs did not go to trial and were not convicted of anything (*Id.*, at 4-8).

In the instant motion, plaintiffs state that their counsel was unaware that defendants filed these, though CM/ECF indicates that both motions were delivered *via* email to plaintiffs' counsel (Dkt. Nos. 8; 10; 19, at 1).  However, plaintiffs claim that where an "order addresses fewer than all the claims or the rights and liabilities of fewer than all the parties, it is not final and the Eighth Circuit has considered it pursuant to" Federal Rules of Civil Procedure 52(b) and 60 (Dkt. No. 19, at 1).  Plaintiffs argue that the Court's December 19, 2019, Order did not address plaintiffs' count for malicious prosecution or prosecution without probable cause (*Id.*, at 2).  Plaintiffs assert that this claim "alleg[es] violations of federally protected rights as well as claims protected by state law" (Dkt. No. 21, at 1).  Plaintiffs maintain that this claim is governed by a three-year statute of limitations and did not accrue until the underlying criminal charges in this action were resolved in their favor (*Id.*, at 3).  Plaintiffs' charges were *nolle prossed* on January 7, 2016, and they filed this action on December 11, 2018 (*Id.*).  Accordingly, plaintiffs argue that this claim was timely brought and should not be dismissed (*Id.*).  On these grounds, plaintiffs request that the Court reconsider its order granting defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure 52(b) and 60 and Local Rules 5.5 and 7.2 (Dkt. No. 19, at 1-2).

For their part, defendants characterize plaintiffs' malicious prosecution claim as arising under Arkansas law and note that this Court expressly declined to exercise supplemental jurisdiction over that claim and any other claim brought under state law (Dkt. No. 20, at 1).  In addition, defendants argue that the statute of limitations bars a constitutional claim of malicious prosecution (*Id.*, at 3-4).  Defendants maintain that the statute of limitations for any constitutional or federal malicious prosecution claim plaintiffs might have alleged began to run at the time plaintiffs became detained to legal process rather than at the time the criminal case was concluded in plaintiffs' favor (*Id.*, at 4).  *See Wallace v. Kato*, 549 U.S. 384, 389, 391, 397 (2007).  Under

this theory, defendants argue that plaintiffs' possible Fourth Amendment malicious prosecution claims would also be time-barred (*Id.*).

## II.      Legal Standard

Rule 52(b) provides that "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly."  Fed. R. Civ. P. 52(b).

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."  *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances."  *U.S. v. Young*, 806 F.2d 805, 806 (8th Cir. 1986).  "Motions under Rule 60(b) are within the discretion of the district court . . . ."  *Baxter Intern., Inc. v. Morris*, 11 F.3d 90, 92 (8th Cir. 1993).

Rule 60(b) relieves a party from a judgment or order on one of six specified grounds: mistake, inadvertence, surprise, or excusable neglect; newly-discovered evidence that with reasonable diligence could not have been discovered in time for a Rule 59(b) motion; fraud, misrepresentation, or misconduct by an opposing party; the judgment or order is void; the judgment or order has been satisfied, released, or discharged; the judgment or order is based on an earlier judgment or order that has been reversed or vacated; or applying the judgment or order prospectively is no longer equitable; and any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.  *Schwieger v. Farm Bureau Ins. Co. of NE*, 207 F.3d 480, 487 (8th Cir. 2000).  Rule 60(b) "is not a vehicle for simple reargument on the merits."  *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

## III.    Discussion

The Court has reexamined plaintiffs' complaint in reconsidering plaintiffs' claim of malicious prosecution or prosecution without probable cause (Dkt. No. 1).[1]  The first two paragraphs of plaintiffs' complaint generally lay out plaintiffs' claims (*Id.*, ¶¶ 1-2).  The first paragraph states that, pursuant to 42 U.S.C. § 1983, plaintiffs "seek redress against for [sic] the defendants for their acts of commission and omission which were in violation of the plaintiffs' rights protected by the U.S. Constitution as well as federal laws" (*Id.*, ¶ 1).  The second paragraph provides the following:

> Additionally, pursuant to its plenary power under 28 U.S.C. § 1367, the plaintiffs seek relief from this Honorable Court under Ark. Const. Art. 2 § 2[,] 2 § 6, 2 § 9, 2 § 15[,] redressable under the Arkansas Civil Rights Act of 1993 (ACRA), codified at A.C.A. § 16-123-101 et seq.  Furthermore, pursuant to this court's plenary powers she seeks redress for the *state tort of malicious prosecution* and false imprisonment.

(Dkt. No. 1, ¶ 2) (emphasis added).  Plaintiffs also provide the following paragraph as the final paragraph in the "Facts" section of their complaint:

> The plaintiffs bring this suit against the defendants individually seeking redress for their violations of the plaintiffs' rights to be free of unreasonable searches, unreasonable seizures to include false arrest, false imprisonment, *violation of their rights to be free of malicious prosecution*, abuse of legal process, wrongful institution of legal process and/or wrongful use of judicial process protected by the 4th Amendment and the *ACRA*.

(*Id.*, ¶ 52) (emphasis added).

---

[1]    The Court notes that plaintiffs' complaint contains five duplicatively-numbered paragraphs.  Paragraph number 52 is followed by paragraph number 48 (Dkt. No. 1, at 8).  From there, the paragraphs proceed in normal numerical order.  This mistake means that the complaint has two identically numbered but substantively different paragraphs for paragraphs 48 through 52 (*Id.*, at 7-8).  Though the Court finds it clear which paragraph is at issue when one of these duplicate paragraphs is cited given the different content of each paragraph, the Court makes this observation based on the record before it.

Plaintiffs' complaint contains three counts (*Id.*, ¶¶ 48-66).  Count I asserts that defendants presented the investigation packet to the prosecutor without revealing that the so-called confidential informant had been recruited for the specific purpose to plant drug paraphernalia on the plaintiffs' property, that he had planted the drug devices on the property, and that he had done so on defendants' promise they would aid him in his quest to obtain custody of his child from the plaintiff; states that defendants failed to disclose any and all exculpatory evidence known to the State in violation of *Brady v. Maryland*; claims that "Defendants' actions violated the plaintiffs' right to due process both procedural and substantive protected by both the 4th Amendment prohibition against unreasonable searches and seizures, and the due process clause of the 14th Amendment as well"; and provides that "plaintiffs bring this suit against the defendants individually for their violations of the plaintiffs' rights to a fair trial when they caused the prosecutor to not disclose evidence that was favorable to them" (*Id.*, ¶¶ 50-55).  Count II claims that defendants still refuse to return items to plaintiffs that plaintiffs claim were illegally seized on plaintiffs' property (*Id.*, ¶¶ 58-61).  Count III claims that defendants were aware that a search warrant granting them entry onto plaintiffs' property was based upon fabricated evidence; argues that the items found and seized on plaintiffs' property did not give them probable cause to arrest plaintiffs; and asserts that defendants were aware that the subsequent warrant for plaintiffs' arrest was based upon fabricated evidence and thus the magistrate's issuance of the warrants did not establish legal authority for the arrest of plaintiffs (*Id.*, ¶¶ 63-65).  None of these counts expressly mention malicious prosecution, prosecution without probable cause, or any like claim.

The Supreme Court "has not defined the elements of" a malicious prosecution § 1983 claim, *see McDonough v. Smith*, 139 S. Ct. 2149, 2156 n.3 (2019) (citing *Manuel v. Joliet*, 137 S. Ct. 911, 921-22 (2017)), or decided "whether a claim of malicious prosecution may be brought

under the Fourth Amendment," *Manuel*, 137 S. Ct. at 923 (Alito, J., dissenting).  The Eighth Circuit, however, addresses a Fourth Amendment cause of action regarding malicious prosecution in *Stewart v. Wagner*, 836 F.3d 978, 983 (8th Cir. 2016) (Dkt. No. 21, at 1-2).  In *Stewart*, the Eighth Circuit held that "a § 1983 plaintiff's claim that he was arrested or prosecuted without probable cause, even if labeled a claim of malicious prosecution, 'must be judged' under the Fourth Amendment, not substantive due process."  *Id.* (quoting *Albright v. Oliver*, 510 U.S. 266, 270-71 & n.4 (1994)); *but see Bates v. Hadden*, 576 Fed. App'x 636, 639 (8th Cir. 2014) ("In a pair of 2001 decisions, we observed that malicious prosecution is not a constitutional injury.  As recently as 2012, we expressed uncertainty as to whether 'malicious prosecution is a constitutional violation at all.'" (quoting *Harrington   v. City of Council Bluffs, Ia.*, 678 F.3d 676, 679 (8th Cir. 2012) (internal citations omitted)); *Harrington*, 678 F.3d at 679 ("If malicious prosecution is a constitutional violation at all, it probably arises under the Fourth Amendment.").

In *Stewart*, the police officer defendants interviewed a witness named Alicia Kimberling multiple times about a homicide.  *See id.* at 982-83.  On the day that she was first interviewed, Ms. Kimberling identified two individuals named Leo Connelly and Christy Pethoud as the killers responsible for the homicide.  *See id.* at 982.  Ms. Kimberling surreptitiously recorded conversations with Mr. Connelly, plaintiff Zackary Stewart, and Mr. Stewart's sister Candy Seaman on three separate days following the first interview, but these recordings provided no incriminating evidence regarding the homicide.  *See id.* at 982.  About a week later, the police officer defendants interviewed Ms. Kimberling again.  *See id.* at 982-83.  During this interview, Ms. Kimberling claimed that she saw Mr. Stewart and the previously identified individuals Mr. Connelly and Ms. Pethoud in a car shortly after the homicide occurred; that Mr. Connelly was covered in blood; that Mr. Stewart was in the back of the car; and that she saw a gun.  *See id.* at

983.  Following this interview, the police officer defendants completed an affidavit or statement of probable cause, reciting what Ms. Kimberling said to implicate Mr. Stewart in her second interview.  *See id.*  This statement did not report that she had implicated Mr. Connelly and Ms. Pethoud, but not Mr. Stewart, during her initial interview.  *See id.*  That same day, the police officer defendants filed murder charges against Mr. Stewart and Mr. Connelly based on the probable cause statement.  *See id.*  Based off these facts, Count I of the plaintiff's complaint in *Stewart* "included the § 1983 claim that [defendants] procured [ ] fabricated statements to create probable cause when none existed."  *Id.*  The Eighth Circuit understood this claim to allege that the plaintiff "was arrested or prosecuted without probable cause" and held that this claim—sometimes labeled a claim of malicious prosecution—should be judged under the Fourth Amendment.  *Id.*

Here, Count I of plaintiffs' complaint alleges that defendants presented the investigation packet to the prosecutor without revealing that their informant had been recruited for the specific purpose to plant drug paraphernalia on the plaintiffs' property; that he had planted the drug devices on the property; and that he had done so on the defendants' promise that they would aid him in his quest to obtain custody of his child from the plaintiff (Dkt. No. 1, ¶ 50).  Plaintiffs allege that these actions "violated [their] right to due process both procedural and substantive protected by both the [Fourth] Amendment prohibition against unreasonable searches and seizures, and the due process clause of the [Fourteenth] Amendment as well" (*Id.*, ¶ 54).  Additionally, Count III of plaintiffs' complaint alleges that the search warrant granting defendants entry onto plaintiffs' property and the subsequent warrants issued for plaintiffs' arrest were based on fabricated evidence (Dkt. No. 1, ¶¶ 63, 65).  Plaintiffs' complaint could be clearer, if as plaintiffs now maintain they intended to allege a claim of malicious prosecution under both the Fourth Amendment and traditional state law grounds.  The Court understands these allegations to claim that defendants fabricated

7

statements and manufactured events leading to the search of plaintiffs' property, the seizures of plaintiffs' persons and possessions, and the initiation of criminal proceedings against plaintiffs in violation of the Fourth Amendment.

The Court recognizes defendants' argument that, even if properly alleged, plaintiffs' malicious prosecution claims brought pursuant to the Fourth Amendment are time-barred.  The Supreme Court has noted that "[a]n element of [the tort of malicious prosecution] is the 'termination of the . . . proceeding in favor of the accused'; and accordingly, the statute of limitations does not start to run until that termination takes place."  *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 921 (2017) (quoting *Heck v. Humphrey*, 512 U.S. 477, 484, 489 (1994)); *see also Heck*, 512 U.S. at 489 ("[A] cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor . . . .").  Some courts that recognize malicious prosecution as a cognizable constitutional claim question whether a voluntary dismissal of charges constitutes a "favorable termination" at all.  *See, e.g.*, *Cordova v. City of Albuquerque*, 816 F.3d 645, 650-61 (10th Cir. 2016) ("Although the dismissal of the assault charges certainly worked to [plaintiff's] benefit, we agree with the district court that it was not a favorable termination under prevailing law.").  The Court determines that, to resolve plaintiffs' pending motion, the Court need not resolve specifically these issues.  Instead, even if the Court were to conclude that plaintiffs' complaint plausibly alleges a claim of malicious prosecution under both the Fourth Amendment and traditional state law grounds, the Court still would deny plaintiffs' pending motion for the following reasons.

Even if the Court were to conclude that plaintiffs' complaint plausibly alleges a claim of malicious prosecution under both the Fourth Amendment and traditional state law grounds, plaintiffs would have plausibly pleaded malicious prosecution as the sole surviving federal or

constitutional claim in this § 1983 action.  The Eighth Circuit has been clear that an allegation of malicious prosecution without a corresponding constitutional violation cannot sustain a civil rights claim under § 1983.  *See, e.g.*, *Joseph v. Allen*, 712 F.3d 1222, 1228 (8th Cir. 2013) ("[A]n allegation of malicious prosecution without more cannot sustain a civil rights claim under § 1983."); *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001) (stating that "malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury."); *Technical Ordinance, Inc. v. United States*, 244 F.3d 641, 650 (8th Cir. 2001) ("The general rule is that an action for malicious prosecution does not state a claim of constitutional injury."); *McNees v. City of Min. Home*, 993 F.2d 1359, 1361 (8th Cir. 1993) (stating that a claim for malicious prosecution is not cognizable under § 1983 if it does not allege a constitutional or federal statutory injury).  Plaintiffs initially pleaded additional constitutional violations, but the Court dismissed those claims as either time-barred or lacking merit in its December 19, 2019, Order (Dkt. No. 17, at 4-8).  Defendants do not challenge those findings in the instant motion, nor does the Court see any grounds upon which they could challenge those findings (Dkt. No. 19).  Because plaintiffs' complaint fails to plead plausibly any other constitutional violations corresponding with their malicious prosecution claim, Eighth Circuit precedent dictates dismissal of this malicious prosecution claim brought pursuant to § 1983.  *See Joseph*, 712 F.3d at 1228; *Kurtz*, 245 F.3d at 758; *Technical Ordinance*, 244 F.3d at 650; *McNees*, 993 F.2d at 1361.

Accordingly, for these reasons, the Court denies plaintiffs' motion to set aside or vacate order (Dkt. No. 19).

**IV.     Conclusion**

For the above reasons, the Court denies plaintiffs' motion to set aside or vacate order (Dkt.

No. 19).  The relief requested is denied.

So ordered this 13th day of October 2020.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge